Joshua T. Reitzas
BERLANDI NUSSBAUM & REITZAS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Tel: (212) 804-6329

*Attorneys for Plaintiff Luxottica Group S.p.A.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHORE ENUFF; ONE STOP SOUVENIRS LLC d/b/a DECK2SEA; BEACH APPAREL; FASHION PARADISE LLC; STOP & SAVE d/b/a MOON TRADERS; DOLMA & GIRLS LLC; SUNSHINE FASHION; SHORE STYLES; CITY OF SOUVENIRS LLC; AC GIFT SHOP; HOT STOP LLC; BAGS AND ACCESSORIES; SHORE GIFTS; SEA STAR SOUVENIR; ONE STOP; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.<br><br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**Plaintiff Luxottica Group S.p.A.** for its claims against **Defendants Shore Enuff, One Stop Souvenirs LLC d/b/a Deck2sea, Beach Apparel, Fashion Paradise LLC, Stop & Save D/B/A Moon Traders, Dolma & Girls LLC, Sunshine Fashion, Shore

1

**Styles, City Of Souvenirs LLC, AC Gift Shop, Hot Stop LLC, Bags And Accessories, Shore Gifts, Sea Star Souvenir, and One Stop** respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Luxottica Group S.p.A. brings this action against Defendants under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of the state of New Jersey. This Court has subject matter jurisdiction over the federal trademark infringement and unfair competition claims under 28 U.S.C §§ 1121(a), 1331, 1338(a), and 1367.

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

3. This Court has personal jurisdiction over Defendants because Defendants are incorporated and/or conduct business in this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted and the wrongful acts described herein arose in this district.

## THE PARTIES

5. Luxottica is a corporation duly organized under the laws of Italy with its principal place of business in Milan, Italy and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114. Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, premium, luxury and sports eyewear products under federally registered trademarks, including but not limited to the Ray-Ban® family of trademarks.

6. Upon information and belief, Defendant Shore Enuff is an unknown business entity with its principal place of business located at 2605 Boardwalk, Atlantic City, New Jersey 08401.

7. Upon information and belief, Defendant One Stop Souvenirs LLC is a New Jersey Limited Liability Company doing business as "Deck2sea" with its principal place of business located at 1731A Boardwalk, Atlantic City, New Jersey 08401.

8. Upon information and belief, Defendant Beach Apparel is an unknown business entity with its principal place of business located at 1737 Boardwalk, Atlantic City, New Jersey 08401.

9. Upon information and belief, Defendant Fashion Paradise LLC is a New Jersey Limited Liability Company with its principal place of business located at 2607A Boardwalk, Atlantic City, New Jersey 08401.

10. Upon information and belief, Defendant Stop & Save is a business incorporated and doing business under the laws of the state of New Jersey as "Moon Traders" with its principal place of business located at 1637 Boardwalk, Atlantic City, New Jersey 08401.

11. Upon information and belief, Defendant Dolma & Girls LLC is a New Jersey Limited Liability Company with its principal place of business located at 1729 Boardwalk, Atlantic City, New Jersey 08401.

12. Upon information and belief, Defendant Sunshine Fashion is an unknown business entity with its principal place of business located at 1414-12 Boardwalk, Atlantic City, New Jersey 08401.

13. Upon information and belief, Defendant Shore Styles is an unknown business entity with its principal place of business located at 1429 Boardwalk, Atlantic City, New Jersey 08401.

14. Upon information and belief, Defendant City of Souvenirs LLC is a New Jersey Limited Liability Company with its principal place of business located at 1529 Boardwalk, Atlantic City, New Jersey 08401.

15. Upon information and belief, Defendant AC Gift Shop is an unknown business entity with its principal place of business located at 1325 Boardwalk, Atlantic City, New Jersey 08401.

16. Upon information and belief, Defendant Hot Stop LLC is a New Jersey Limited Liability Company with its principal place of business located at 1317 Boardwalk, Atlantic City, New Jersey 08401.

17. Upon information and belief, Defendant Bags & Accessories is an unknown business entity with its principal place of business located at 1311A Boardwalk, Atlantic City, New Jersey 08401.

18. Upon information and belief, Defendant Shore Gifts is an unknown business entity with its principal place of business located at 2517 Boardwalk, Atlantic City, New Jersey 08401.

19. Upon information and belief, Defendant Sea Star Souvenir is an unknown business entity with its principal place of business located at 2633A Boardwalk, Atlantic City, New Jersey 08401.

20. Upon information and belief, Defendant One Stop is an unknown business entity with its principal place of business located at 2609 Boardwalk, Atlantic City, New Jersey 08401.

21. Luxottica is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Luxottica will seek leave to amend this complaint when their true names and capacities are ascertained. Luxottica is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

22. Luxottica is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Luxottica further alleges that Defendants had a non-delegable duty to prevent such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

<b><u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u></b>

A. **Luxottica's World Famous RAY-BAN® Brand and its Products**

23. Luxottica is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban®, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

24. Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

25. Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States, including New Jersey, and reach customers nationally and internationally online at www.ray-ban.com.

26. Luxottica is the owner of various trademarks under the Ray-Ban® brand, including but not limited to the following United States Trademark Registrations (collectively "Ray-Ban Marks"):

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18.<br><br>cloths for cleaning ophthalmic products, in class 21.<br><br>clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |
| (Ray-Ban circular logo) | 1,320,460 | sunglasses and carrying cases there for, in class 9. |

| | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |
|---|---|---|

27. Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

28. Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks. These registrations are valid and the majority are incontestable.

29. The Ray-Ban Marks have never been abandoned and are a symbol of Luxottica's quality, reputation, and goodwill.

30. Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

    **B.**    **Defendants' Sale of Counterfeit Ray-Ban Products**

31. The present action arises from the importation, manufacture, production, distribution, advertisement, marketing, offering for sale and/or sale of products bearing counterfeit reproductions of the Ray-Ban Marks ("Counterfeit Products") by Defendants.

32. On or about August 10, 2016, Luxottica's investigators conducted a survey of various retail shops along the Atlantic City Boardwalk in New Jersey and discovered the sale of Counterfeit Products by Defendants. Specifically, Counterfeit Products were observed and purchased from the following locations:

- Store located at 2605 Boardwalk with signage identifying store as "Shore Enuff"

- Store located at 1731A Boardwalk with signage identifying store as "Deck2Sea"
- Store located at 1737 Boardwalk with signage identifying store as "Beach Apparel"
- Store located at 2607A Boardwalk with signage identifying store as "Fashion Paradise"
- Store located at 1637 Boardwalk with signage identifying store as "Moon Traders"
- Store located at 1729 Boardwalk with no identifying signage
- Store located at 1414-12 Boardwalk with signage identifying store as "Sunshine Fashion"
- Store located at 1429 Boardwalk with signage identifying store as "Shore Styles"
- Store located at 1529 Boardwalk with signage identifying store as "City of Souvenirs"
- Store located at 1325 Boardwalk with signage identifying store as "AC Gift Shop"
- Store located at 1317 Boardwalk with signage identifying store as "Hot Stop"
- Store located at 1311A Boardwalk with signage identifying store as "Bags & Accessories"
- Store located at 2517 Boardwalk with signage identifying store as "Shore Gifts"
- Store located at 2633A Boardwalk with signage identifying store as "Sea Star Souvenir"
- Store located at 2609 Boardwalk with signage identifying store as "One Stop"

8

33. Representatives from Luxottica have reviewed samples of all products bearing Ray-Ban Marks obtained from said locations and have determined them to be counterfeit.

34. Upon information and belief, Plaintiff hereon alleges that the Counterfeit Products displayed, advertised, offered for sale, and sold by Defendants originate from a common source. Defendants' Counterfeit Products are the same or substantially similar in style and price points and all Defendants are in close geographic proximity with one another. As such, it is highly likely that Defendants purchased Counterfeit Products from the same source.

35. Defendants have never been authorized by Luxottica to manufacture, sell, or offer for sale products bearing any of its trademarks. Moreover, Defendants have never been licensees of Luxottica and have never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Ray-Ban Marks.

36. Upon information and belief, at all times relevant thereto, Defendants have had full knowledge of Luxottica's ownership of the Ray-Ban Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

37. Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Luxottica's rights for the purpose of trading off the goodwill and reputation of Luxottica. If Defendants' willful infringing activities are not preliminarily and permanently enjoined by this Court, Luxottica and the consuming public will be damaged.

38. Defendants' counterfeiting activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the wrongful conduct alleged herein is likely to create a false impression and deceive customers, the public and the trade into believing that there is a connection or association between Luxottica's genuine goods and Defendants' Counterfeit Products.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

39. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40. The Ray-Ban Marks are nationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Luxottica.

41. The registrations embodying the Ray-Ban Marks are in full force and effect and Luxottica has authorized responsible manufacturers and vendors to sell merchandise with these marks.

42. Defendants' advertisement, display, offering for sale, and sale of Counterfeit Products constitutes false designation of origin and a false representation that their goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Luxottica or come from the same source as Luxottica's goods and are of the same quality as that assured by the Ray-Ban Marks.

43. Defendants' infringing use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to control its intellectual property.

44. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

45. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Luxottica and reap the benefit of Luxottica's goodwill associated with the Ray-Ban Marks.

46. As a direct and proximate result of Defendants' willful and unlawful conduct, Luxottica has been injured and will continue to suffer injury to its business and reputation

unless Defendants are restrained by this Court from infringing upon the Ray-Ban Marks. Defendants' acts have damaged and will continue to damage Luxottica.

47. Luxottica has no adequate remedy at law.

48. In light of the foregoing, Luxottica is entitled to injunctive relief and to recover from Defendants all damages, including attorney's fees, that Luxottica has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition

49. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

50. Defendants' unauthorized use of the Ray-Ban Marks on infringing merchandise in interstate commerce, and advertising relating to the same, constitutes false designation of origin and false representation that their goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Luxottica or come from Luxottica, when in fact, they do not.

51. Defendants' use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights in and to its trademarks.

52. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

53. Luxottica has no adequate remedy at law.

54. Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

55. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any trademark identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

56. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57. Luxottica owns and enjoys common law trademark rights in the Ray-Ban Marks in the state of New Jersey and throughout the United States.

58. Defendants' infringing activities in appropriating rights in Luxottica's common law trademarks are intended to capitalize on Luxottica's goodwill for the purpose of Defendants' own pecuniary gain. Luxottica has expended substantial time, resources and efforts to obtain an excellent reputation for the Ray-Ban brand. As a result of Luxottica's efforts, Defendants are now unjustly enriched and are benefitting from intellectual property rights that rightfully and exclusively belong to Luxottica.

59. Defendants' infringing use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to control its intellectual property.

60. Defendants' unauthorized use of the Ray-Ban Marks has caused and is likely to cause confusion as to the source of Defendants' Counterfeit Products, to the detriment of Luxottica.

61. Defendants' acts are willful, deliberate, and intended to confuse the public and/or injure Luxottica.

62. Luxottica has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' aforementioned infringing activities, unless Defendants are permanently enjoined by this Court.

63. Said conduct continues to be inflicted on Luxottica and violates Luxottica's common law trademark rights in the Ray-Ban Marks.  Said conduct was and continues to be harmful to Luxottica, and as such, Luxottica is entitled to the assessment of increased and punitive damages against Defendants, in an amount to be determined at the trial of this action.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition under New Jersey Statutory and Common Law

**(N.J. Stat. Ann. 56:4-1 and 56:4-2)**

64. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

65. Defendants' unauthorized use of the Ray-Ban Marks on infringing merchandise in interstate commerce, and advertising relating to the same, constitutes false representation that their goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Luxottica or come from Luxottica, when in fact, they do not.

66. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

67. Defendants' infringing use of the Ray-Ban Marks on eyewear constitutes misappropriation of Luxottica's trademarks, brand, reputation, and goodwill under N.J. Stat. Ann. 56:4-1.

68. Defendants' acts are willful, deliberate, and intended to confuse the public and/or injure Luxottica.

69. Defendants' actions have caused and will likely continue to cause confusion, mistake and deception among consumers.

70. Defendants' acts have caused and will continue to cause irreparable injury to Luxottica. Luxottica has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

71. In light of the foregoing, pursuant to N.J. Stat. Ann. § 56:4-2, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks confusingly similar thereto, and to recover all damages, trebled within the discretion of this Court.

## **RELIEF REQUESTED**

WHEREFORE, Luxottica respectfully prays for judgment against Defendants on all claims, as follows:

1. For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

    (a) Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling Counterfeit Products and/or any other products that bear the Ray-Ban Marks, or any other marks confusingly similar thereto,

    (b) Engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica;

    (c) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Luxottica;

2. For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

3. For entry of an ORDER directing Defendants to file with this Court and serve on Luxottica within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

4. For an assessment of the damages suffered by Luxottica, trebled, and an award of all profits that Defendants have derived from using the Ray-Ban Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Luxottica be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

5. For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

6. For an award of punitive damages in connection with its claims under New Jersey law;

7. Such other relief as may be just and proper.

Dated: September 15, 2016        Respectfully Submitted,

_____
Joshua T. Reitzas
BERLANDI NUSSBAUM & REITZAS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Tel: (212) 804-6329
*Attorneys for Plaintiff Luxottica Group, S.p.A.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Luxottica Group, S.p.A hereby demands a trial by jury of all claims in this litigation.

Dated: September 15, 2016         Respectfully Submitted,

_____
Joshua T. Reitzas
BERLANDI NUSSBAUM & REITZAS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Tel: (212) 804-6329
***Attorneys for Plaintiff Luxottica Group, S.p.A.***