[Doc. No. 83]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LUXOTTICA GROUP S.P.A., <br><br> Plaintiff, <br><br> v. <br><br> SHORE ENUFF, et al., <br><br> Defendants. | Civil No. 16-5847-RBK-KMW |

**REPORT AND RECOMMENDATION**

Presently before the Court is the Motion of Plaintiff, Luxottica Group, S.P.A, seeking to strike the Answers filed by Defendants Bags and Accessories [Doc. No. 11] and Shore Enuff [Doc. No. 18] (together, "Defendants") and to have default entered against them. [Doc. No. 83]. Plaintiff asserts that Defendants have failed to participate and defend against the claims brought against them in this case. Specifically, Plaintiff states that Defendants, without explanation, have failed to attend court-ordered status conferences and that they have refused to provide responses to Plaintiff's discovery requests. Defendants have not responded to Plaintiff's motion. Pursuant to Local Civil Rule 72.1, the Honorable Robert B. Kugler, United States District Judge,

1

referred the motion to the Undersigned for report and recommendation.[1] The Court has considered the motion pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Undersigned recommends that the Court grant Plaintiff's motion to strike Defendants' Answers and enter default.

**I.   Background**

On February 23, 2016, Plaintiff filed the Complaint in this matter against Bags and Accessories, Shore Enuff, and numerous other named defendants. [Doc. No. 1]. Plaintiff alleges that defendants have sold and continue to sell counterfeit reproductions of Plaintiff's trademarked products at establishments located in Atlantic City, New Jersey. *Id.* Through a series of motions, Plaintiff sought to strike the defendants' Answers, including those of Bags and Accessories and Shore Enuff. [*See* Pl.'s Mot. To Strike, Doc. No. 55; Pl.'s Supp. Mot. to Strike, Doc. No. 67]. Plaintiff's motions rested on the premise that the challenged Answers were impermissible because the defendants, as

---

[1] *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990) ("[An] order striking the answer . . . [is] a dispositive order which the magistrate by statute can only recommend but not enter.") (citing 28 U.S.C. § 636(b)(1)); *see also*, *Young Jewish Leadership Concepts v. 939 HKH Corp.*, Civ. No. 93-2643, 1994 WL 198643, at *2 (E.D. Pa. May 18, 1994) ("magistrate judge's order striking Defendants' answer serve[d] a dispositive function" where it was "tantamount to entering default judgment").

2

business entities, were required to be represented by counsel but had filed their Answers *pro se*. On this basis, this Court granted in part and denied in part Plaintiff's previous motions to strike the defendants' unpermitted pleadings. [*See* Order [Doc. No. 66], Apr. 7, 2017; Order [Doc. No. 68], Aug. 10, 2017]. While these Orders struck the Answers of most defendants, the Answers filed by Bags and Accessories and Shore Enuff were not stricken because Plaintiff failed to establish the nature of these entities and thus had not established that they could not proceed *pro se*. [*See* Doc. No. 66 at 3 (noting, for example, that some courts allow sole proprietorships to proceed *pro se*)].

On September 15, 2017, this Court entered an Order scheduling an October 4, 2017 on-the-record telephone status conference with Plaintiff's counsel and Defendants Bags and Accessories and Shore Enuff. [Doc. No. 70]. Defendants failed to appear for the conference. [*See* Doc. No. 74]. Subsequently, on November 1, 2017, this Court entered an Order scheduling another on-the-record telephone status conference for November 15, 2017. [Doc. No. 75]. Plaintiff's counsel and a representative of Bags and Accessories appeared at the November 15, 2017 status conference; however, Shore Enuff again failed to appear. Following the status conference, the Court entered a Scheduling Order which, *inter alia*, scheduled

3

a subsequent conference for March 7, 2018. [*See* Scheduling Order [Doc. No. 78], Nov. 15, 2017]. The Order also set a discovery end date of March 12, 2018. *Id.* The Court held the next on-the-record status conference on March 12, 2018,[2] which Shore Enuff also failed to attend. [*See* Amended Scheduling Order [Doc. No. 85], Mar. 12, 2018]. As the Court had ordered, Plaintiff served notice of the scheduled conferences upon Defendants. [*See* Doc. Nos. 72, 73, 77, 79, 80, and 82].[3]

Plaintiff asserts that it served written discovery requests upon Defendants on September 19, 2017 and that Defendants have not produced any responses or objections to Plaintiff's requests. Decl. of Brent H. Blakely, Mar. 9, 2018 ("Blakely Decl."), at ¶¶2-3 [Doc. No. 83-1]. As a result of Defendants' failure to comply with the Court's orders and lack of response to Plaintiff's discovery requests, Plaintiff filed the instant motion seeking to strike Defendants' Answers pursuant to Federal Rules of Civil

---

[2] The March 7, 2018 conference was adjourned due to inclement weather. [*See* Doc. No. 81].

[3] The affidavit of service filed at Doc. No. 76 purports to be proof that Plaintiff served Shore Enuff with notice of the November 15, 2017 status conference. However, the document states that the document served was "Plaintiff's First Set of Special Interrogatories to Defendant Bags and Accessories" rather than a copy of the Court's November 1, 2017 Order. [*See* Doc. No. 76 at 2]. While the Court presumes this is an error, the Court cannot accept the document as sufficient proof of service.

Procedure 16 and 37 and to have default entered pursuant to Rule 55.

## II. Legal Standard

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). In turn, "[r]ule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure to obey an order to provide or permit discovery." *Linwood Trading Ltd v. Am. Metal Recycling Servs.*, Civ. No. 14-5782, 2017 WL 2825934, at *1 (D.N.J. June 1, 2017) (citing Fed. R. Civ. P. 37(b)(2)) (internal quotations omitted). Furthermore, Rule 55 "provides that entry of default is appropriate where . . . a party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Ramada Worldwide, Inc. v. VMN Foothills, LLC*, Civ. No. 15-4078, 2017 WL 1157864, at *2 (D.N.J. Mar. 28, 2017) (citing Fed. R. Civ. P. 55(a)).

Because striking a pleading and entering default are sanctions "which deprive a party of the right to proceed with or

defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) when considering such an order. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). Under *Poulis*, courts must consider:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. No single Poulis factor is controlling and each factor does not have to be satisfied to warrant dismissal. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). The decision whether to strike a pleading and enter a default or dismissal is left to the district court's broad discretion. *Glob. Collections Corp. v. Diamond Logistics, Inc.*, Civ. No. 13-184, 2014 WL 4211244, at *3 (D.N.J. Aug. 25, 2014) (citing *Ware*, 322 F.3d at 221-22); *see also Mindek*, 964 F.2d at 1373 ("the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference").

6

### III. **Discussion**

Plaintiff argues that the *Poulis* factors weigh in favor of striking Defendants' Answers and entering default against them. For the reasons discussed below, this Court agrees.

1. The Extent of Defendants' Personal Responsibility

With respect to the first *Poulis* factor, the Court finds that Defendants are personally responsible for their lack of compliance with the Court's orders and for failing to respond to Plaintiff's discovery requests. Defendants are not represented by counsel and thus, any action or lack thereof on their part is a result of their own conduct. Indeed, Defendants filed their own Answers in this case and therefore initially participated in the litigation. Since that time, they were served with Plaintiff's discovery requests, as well as this Court's Orders directing their appearance at conferences and scheduling discovery. *See* Blakely Decl., Exs. 1-2; [Doc. Nos. 72, 73, 77, 79, 80, and 82]. Despite this, Defendants have failed to participate in this case, including their failure to respond to the instant motion. This factor therefore weighs in favor of striking Defendants' Answers and entering default.

2. Prejudice to Plaintiff

The second *Poulis* factor requires the Court to consider the prejudice to Plaintiff caused by Defendants' failures to comply

with the Court's orders and to participate in the litigation. "While prejudice for the purpose of *Poulis* analysis does not mean irremediable harm, the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222. Prejudice further includes "deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994).

Here, the Court finds that Plaintiff is prejudiced by Defendants' failure to participate in this case and to provide discovery because Plaintiff is unable to proceed with and litigate its claims. *See Vanz, LLC v. Mattia & Assocs.*, Civ. No. 13-1392, 2017 WL 581344, at *2 (D.N.J. Jan. 25, 2017) (finding prejudice where party's failure to comply with the court's orders caused a "virtual standstill" in plaintiff's prosecution of the case); *Harrington v. All Am. Plazas, Inc.*, Civ. No. 08-3848, 2010 WL 2710573, at *3 (D.N.J. July 7, 2010) (finding "obvious" prejudice where plaintiff was unable to pursue his claims). Defendants continue to demonstrate an unwillingness to comply with their discovery obligations and the scheduling orders issued by this

8

Court. *See Glob. Collections Corp.*, 2014 WL 4211244, at *4 (finding that defendant's repeated failures prejudiced plaintiff by forcing plaintiff to expend unnecessary time and resources). Thus, the second factor also weighs in favor of granting Plaintiff's motion.

3. <u>Defendants' History of Dilatoriness</u>

The Court further finds that the third *Poulis* factor, Defendants' history of dilatoriness, weighs in favor of striking their Answers and entering default. As the Third Circuit has instructed, "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation." *Poulis*, 747 F.2d at 868. Thus, "[a] history . . . of ignoring these time limits is intolerable." *Id.* Shore Enuff has yet to participate in this case in any way after filing its Answer. In the interim, it has failed to attend three scheduled status conferences ordered by the Court and has failed to participate in discovery. *See* Blakely Decl. ¶¶2-3; [Doc. Nos. 74, 78, and 85]. Bags and Accessories failed to appear at a conference as ordered by the Court and, though it did appear at two other conferences, it also has failed to participate in discovery. *See* Blakely Decl. ¶¶2-3. Indeed, Bags and Accessories' attendance at two status conferences makes its failure to adhere to the Court's

9

scheduling orders concerning discovery all the more telling. Moreover, the fact that Defendants did not respond to Plaintiff's present motion further demonstrates their ongoing failure to participate in this matter. Thus, this factor further supports granting Plaintiff's motion.

4. <u>Whether Defendants' Conduct was Willful or in Bad Faith</u>

Under the fourth factor, the Court considers whether Defendants' conduct was willful or represents bad faith. Courts find willfulness or bad faith where no reasonable excuse for the conduct in question exists. *Vanz*, 2017 WL 581344, at *3 (citing *Ware*, 322 F.3d at 224). Willfulness is also found where, as here, "[n]o evidence suggests that Defendant[s'] failure to produce discovery or comply with Court orders is a result of neglect, mistake, or inadvertence." *Glob. Collections Corp.*, 2014 WL 4211244, at *4. Defendants have offered no excuse for their lack of compliance with court orders or their failure to respond to Plaintiff's discovery requests. The Court therefore concludes that their actions, and lack thereof, are willful. Thus, this factor weighs in favor of granting Plaintiff's request.

5. <u>Effectiveness of Sanctions Other than Dismissal</u>

The Court next considers the effectiveness of sanctions other than striking Defendants' Answers and entering default. The Court

first observes that Defendants have proceeded in this case *pro se* and, as such, the meet and confer requirements of Local Civil Rule 37.1(a)(1) do not apply. *See* L. Civ. R. 37.1(a)(2). Though free to do so without first conferring, Plaintiff has not filed motions to compel discovery from Defendants, instead electing to file the present motion. That said, given Defendants' history of non-compliance with the Court's orders and their lack of participation in this case, the Court concludes that any other sanction or order to compel would be futile. *See Glob. Collections Corp.*, 2014 WL 4211244, at *4 (finding that alternative sanctions would be futile given defendant's failure to participate, failure to comply with its discovery obligations, failure to comply with the Court's orders, and failure to respond to plaintiff's motion); *Vanz*, 2017 WL 581344, at *3 ("Lesser sanctions may not be an effective alternative when confronted with a litigant who will not comply with court orders.") Because an alternative sanction would be ineffective, the Court finds that this factor weighs in favor of striking Defendants' Answers and entering default.

6. The Meritoriousness of the Defense

The final *Poulis* factor is the meritoriousness of the Defendants' defenses. The Court will not address this factor because the Court cannot determine the merits of Defendants'

11

defenses given the limited nature of their Answers and their failure to participate in the litigation. However, "each factor need not be satisfied" for the Court to strike the Answers and enter default. *Ware*, 322 F.3d at 221. Here, the balance of the remaining factors weighs in favor of granting Plaintiff's motion.

## IV. Conclusion

For the reasons expressed above,

IT IS on this **21st** day of **September, 2018**,

**RECOMMENDED** that Plaintiff's Motion [Doc. No. 83] to Strike the Answers of Defendants Shore Enuff [Doc. No. 18] and Bags and Accessories [Doc. No. 11] and to enter default against same be **granted**. Pursuant to Local Civil Rule 72.1(c)(2), the parties may file objections to this Report and Recommendation within 14 days of their receipt of same. *See also* 28 U.S.C. § 636(b)(1); and

IT IS hereby **ORDERED** that the Clerk of the Court shall mail copies of this Report and Recommendation to Defendants at their addresses of record. 28 U.S.C. § 636.

                                             s/ Karen M. Williams
                                             KAREN M. WILLIAMS
                                             United States Magistrate Judge

cc: Hon. Robert B. Kugler